UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re
Edris Crigler,

Case No. 2:24-cv-12324

Honorable Susan K. DeClercq
United States District Judge

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER**

For years, Edris Crigler has been challenging the ownership of a property at 13831 Carlisle Street in Detroit, Michigan (the "Carlisle Property"). Yet multiple Michigan state-court judgments have declared that Detroit Renaissance Fund, LLC (DRF) owns the Carlisle Property. Nevertheless, after filing for Chapter 7 bankruptcy in 2024, Crigler initiated an adversary proceeding against DRF asserting that she was the rightful owner of the Carlisle Property. DRF moved to dismiss Crigler's action, arguing that a state court had already determined DRF was the legal owner. The bankruptcy court granted DRF's motion under the doctrine of *res judicata* after finding that the state court had, in fact, already determined the Carlisle Property's ownership. Crigler now appeals the bankruptcy court's order dismissing her complaint.

# I. BACKGROUND

Crigler has litigated over the ownership of the Carlisle Property several times now. *See, e.g.*, *Crigler v. Detroit Renaissance Fund, LLC*, No. 22-0022411-CK (Mich. 3d Cir. Ct., Feb. 1, 2023); *Crigler v. Wayne Cnty. Treasurer*, No. 23-007988-CK (Mich. 3d Cir. Ct., Oct. 10, 2023); *Crigler v. Detroit Renaissance Fund, LLC*, No. 24-45427 (Bankr. E.D. Aug. 27, 2024). This is now the second time that she appears before this Court appealing a bankruptcy court's order related to the Carlisle Property. *See In re Crigler*, No. 2:24-CV-11672, 2025 WL 2058880 (E.D. Mich. July 23, 2025).

In 2018, a foreclosure judgment was entered regarding the Carlisle Property. ECF No. 6 at PageID.49. In 2022, DRF won a right to recover possession of the Carlisle Property in a landlord-tenant action against Crigler. *Id.* Because Crigler did not vacate by the court-ordered date of March 18, 2022, DRF applied for eviction, which the state court granted. *Id.* However, on March 1, 2022, Crigler filed a civil complaint in the state court. *Id.* One month later, the state court dismissed Crigler's complaint with prejudice, thereby quieting DRF's right, title, and interest in the Carlisle Property. *Id.* at PageID.49–50. Nevertheless, Crigler filed another action to quiet title in June 2023; the state court again dismissed the action, finding that Crigler "had no legal interest in the property" because any right she may have had was extinguished by a foreclosure judgment entered in March 2018. *Id.* at PageID.50.

In May 2024, Crigler filed for Chapter 7 bankruptcy and listed DRF as one of her creditors. *See In re Crigler*, 2025 WL 2058880 at *1. A few days later, DRF moved for relief from the automatic stay because DRF was not a creditor, but the legal owner of the Carlisle Property on which Crigler was trespassing. *See id.* In June 2024, Crigler filed an adversary complaint before the bankruptcy court in which she challenged DRF's ownership of the Carlisle Property, arguing that she was the rightful owner and that the Carlisle Property was erroneously awarded to DRF. ECF No. 1 at PageID.7.

Later that month, the bankruptcy court granted DRF's motion for relief from the automatic stay pursuant to *res judicata*, which Crigler immediately appealed to this Court. *See In re Crigler*, 2025 WL 2058880 at *1. Crigler also moved for an injunction to preserve the stay. *Id.* at *1, 3.[1] In July 2024, DRF moved to dismiss Crigler's complaint under *res judicata*. ECF No. 1 at PageID.7. After a hearing, the bankruptcy court considered the motion, Crigler's response, and records pertaining to state-court judgments that all found DRF to be the Carlisle Property's legal owner. *Id.* at 7–9. Accordingly, in August 2024, the bankruptcy court dismissed Crigler's

---

[1] In July 2025, this Court denied Crigler's motion for an injunction and affirmed the bankruptcy court's order granting relief from the automatic stay. *See In re Crigler*, 2025 WL 2058880 at *3. As this Court opined, Crigler "faces the same problem that she faced in Bankruptcy Court: the real ownership of the property already *has* been litigated in state court, and it may not be relitigated in a bankruptcy proceeding." *Id.* Accordingly, this Court found no clear error to grant relief from the stay and, therefore, no abuse of discretion. *Id.*

suit against DRF with prejudice, finding that Criger's complaint was barred by *res judicata* because her claims had been fully addressed and decided twice in Wayne Circuit Court. ECF No. 1 at PageID.7–9.

Now, Crigler filed again in this Court (Case No. 2:24-cv-12324), appealing the bankruptcy court's order dismissing her case. *Id.* at PageID.3.[2]

## II. LEGAL STANDARD

### A. Appellate Review

District courts may function as appellate courts when reviewing decisions of the bankruptcy court. 28 U.S.C. § 158. On appeal, this Court reviews the bankruptcy court's factual findings under a clearly erroneous standard and the legal conclusions de novo. *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935–36 (6th Cir. 2010). Similarly, this Court reviews a bankruptcy court's decisions on motions to dismiss de novo. *Nehasil v. Greiner* (*In re Grenier*), 430 B.R. 446, 449 (E.D. Mich. 2010), *aff'd*, 458 F. App'x 436 (6th Cir. 2012).

### B. Motion to Dismiss

A court may dismiss a complaint under Civil Rule 12(b)(6) if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see In re Grenier*, 430 B.R. at 449. A pleading fails to state a claim if its allegations

---

[2] Notably, Crigler did not originally file an appellate brief, but DRF did. *See* ECF No. 6. This court ordered Crigler to file an appellate brief, ECF No. 10, and she complied in July 2025. *See* ECF No. 11.

do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

Civil Rule 12(b)(6) applies in adversary proceedings before bankruptcy courts. FED. R. BANKR. P. 7012(b). In such proceedings, a party may move to dismiss under the doctrine of *res judicata*. *See A.P. Liquidating Co. v. Quest Commc'n Corp.* (*In re A.P. Liquidating Co.*), 421 F. App'x 583, 586 (6th Cir. 2011). Also known as claim preclusion, Michigan's broad approach to *res judicata* "prevent[s] multiple suits litigating the same cause of action." *Est. of Dojcinovic v. ACE Prop. & Cas. Ins. Co.*, 693 F. Supp. 3d 766, 776 (E.D. Mich. 2023) (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)). Subsequent litigation is barred under *res judicata* if the following conditions are met: (1) the parties—or their privies—in the prior action and subsequent action are the same; (2) the prior action was decided through a final judgment on the merits; and (3) the issue in the subsequent action was already litigated, or should have been litigated, in that prior action. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 747 (6th Cir. 2003) (citing *Sloan v. City of Madison Heights*, 425 Mich. 288, 295 (1986)).

## III. ANALYSIS

The bankruptcy court granted DRF's motion to dismiss because Crigler's complaint was barred by *res judicata*. ECF No. 1 at PageID.7–9. Specifically, Judge Randon found that the state court had "previously rendered two decisions on the merits of the case" in which Crigler was ordered to have no "legal right, title, or interest in the Property" against DRF's legal ownership. *Id.* at PageID.8. Given that Crigler plainly admitted "on the record that she made the exact arguments at the Motion hearing—and in the Complaint—that were offered during the prior state-court proceedings," Judge Randon found that *res judicata* applied to bar Crigler's claims against DRF. *Id.* at PageID.9 ("The Circuit Court has twice resolved the issue presented here, ruling that [Crigler] holds no legal interest in the Property; and the parties in the prior the [sic] state-court actions are identical").

In this appeal, Crigler likewise focuses on disputing ownership of the Carlisle Property rather than arguing that the bankruptcy court made specific errors in the rendering of its decision. She reiterates the same arguments: that she is the rightful owner of the Carlisle Property and that it was wrongfully sold. ECF No. 11. She does not identify the any basis for why she believes the bankruptcy court erred in dismissing her case under *res judicata*. *Id.* Instead, she argues that the "case should be reviewed in its entirety due to new evidence and the miscarriage of justice." *Id.*

at PageID.72. She does not identify what "new evidence" there is; she merely reasserts that the Carlisle Property "should never have been sold." *Id.*

On appeal, Crigler faces the same problem that she faced in bankruptcy court: the Carlisle Property's legal ownership has been litigated in state court several times such that the issue cannot be relitigated in a bankruptcy proceeding nor on appeal before this Court. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013); *Phinisee v. Rogers*, 582 N.W.2d 852, 854 (Mich. Ct. App. 1998). Upon review of the bankruptcy records and the parties' briefs submitted to this Court, this Court finds no clear error in the bankruptcy court's findings. Specifically, the bankruptcy court correctly found that the previous litigation involved the same issue of the Carlisle Property's ownership and the same parties or their privies: DRF and the Wayne County Treasurer. And, importantly, these final judgments were on the merits. *See Crigler v. Detroit Renaissance Fund, LLC*, No. 22-0022411-CK (Mich. 3d Cir. Ct., Feb. 1, 2023) (granting motion for summary disposition); *see also Crigler v. Wayne Cnty. Treasurer*, No. 23-007988-CK (Mich. 3d Cir. Ct., Oct. 10, 2023) (granting motion for summary disposition). Accordingly, the bankruptcy court properly found that *res judicata* barred Crigler's claim. *See Dubac*, 321 F.3d at 747. Therefore, this Court will affirm the bankruptcy court's order granting DRF's motion to dismiss and dismissing Crigler's adversary proceeding against DRF with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Bankruptcy Court's Order Dismissing Adversary Case, *Crigler v. Detroit Renaissance Fund, LLC*, No. 24-45427 (Bankr. E.D. Mich. Aug. 27, 2024), is **AFFIRMED**.

**This is a final order that closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 12, 2025